UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEANNE TAYLOR,

Plaintiff,

v.

PETSMART, INC.,

Defendant.

_____/

Case No. 17-cv-10151

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]

## I.    Introduction

Plaintiff Jeanne Taylor initiated this action in state court on December 20, 2016. *See* Dkt. No. 1-1, p. 3 (Pg. ID 10). Plaintiff filed this action against Defendant PetSmart, Inc., alleging two claims: ordinary negligence (Count I) and premises liability (Count II). *See id.* at pp. 4–6 (Pg. ID 11–13). The Defendant removed the case to this Court on January 17, 2017. *See* Dkt. No. 1.

The Defendant filed a Motion for Summary Judgment on October 26, 2017, and this motion is fully briefed. *See* Dkt. No. 13. The Court held oral argument on the motion on Tuesday, January 8, 2018 at 10:00 a.m.

Presently before the Court is the Defendant's Motion for Summary Judgment [13]. Ruling from the bench during oral argument on Defendant's motion, the Court

GRANTED IN PART AND DENIED IN PART the Defendant's Motion for Summary Judgment [13]. The Court granted the motion on the ordinary negligence claim (Count I) and denied the motion on the premises liability claim (Count II).

## II. Background

The Plaintiff is a resident of Livonia, Michigan, and Defendant PetSmart owns and operates a store in this city. Dkt. No. 1-1, pp. 3–4 (Pg. ID 10–11). On a cold, snowy winter day in January 2014, Plaintiff entered Defendant's store. *Id.* at pp. 4, 45 (Pg. ID 11, 136). While walking down an aisle, she "fell violently to the floor," after "slip[ing] on a clear liquid that could not be seen." *Id.* at p. 4 (Pg. ID 11).

In an incident report about Plaintiff's fall, PetSmart employee Karla Eakin wrote that "there was a strip of water on the floor" and this water "was immediately cleaned up." Dkt. No. 17, p. 17–18 (Pg. ID 214–15). The record does not contain deposition testimony from Eakin.

As to what caused the accident, Plaintiff testified "I have no idea. I slipped on something. I didn't see anything and I wasn't aware." Dkt. No. 13, p. 45 (Pg. ID 136). She continued "my foot went out from under me like this, so there was something on the floor. I don't know what it was, if it was water or what, I'm not sure." *Id.* Plaintiff did say, however, that her jacket was wet after she fell. *Id.*

Other people in the store when Plaintiff fell testified about the incident. At the time of the accident, Brooke Bourdage was working in the store for a third-party

vendor.  *Id.* at p. 53 (Pg. ID 144).  Bourdage testified that she witnessed Plaintiff's fall "out of the corner of [her] eye," and does not remember seeing water, or any other hazards, on the floor where Plaintiff fell.  *Id.* at pp. 53–54 (Pg. ID 144–45). Ten or fifteen minutes after the accident Brittany Blaskay, a PetSmart employee, surveyed the aisle where Plaintiff fell.  *Id.* at p. 65 (Pg. ID 156).  In a deposition, Blaskay described the condition of the aisle, saying "I saw nothing on the floor. I didn't see any water, nothing."  *Id.*

## III.   Legal Standard

Under Federal Rule of Civil Procedure 56(a), "[a] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A court must view the facts, and draw reasonable inferences from the facts, in the light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The key inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

**IV. Discussion**

Plaintiff asserts two claims in this action. Count I is a claim for ordinary negligence and Count II is for premises liability. The Defendant is entitled to summary judgment on Count I, but Count II will survive the summary judgment motion.

A. Premises Liability

The Court will first turn to Plaintiff's claim for premises liability, Count II. Michigan law provides that "a premises owner must maintain his or her property in a reasonably safe condition and has a duty to exercise due care to protect invitees from conditions that might result in injury." *Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 485 N.W.2d 676, 679 (1992) (citations omitted). Of course, "landowners are not insurers; they are not charged with guaranteeing the safety of every person who comes onto their land." *Hoffner v. Lanctoe*, 492 Mich. 450, 821 N.W.2d 88, 94 (2012). A landowner breaches its duty to an invitee, and is therefore liable for any harm caused, "when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id.* (citing *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 537 N.W.2d 185, 186 (1995); *Samuelson v. Cleveland Iron Mining Co.*, 49 Mich. 164, 13 N.W. 499, 501 (1882)).

The Defendant offers several arguments to convince the Court that the Plaintiff cannot prove notice or causation as a matter of law. None are persuasive.

1. Notice

The Defendant argues, and the Court disagrees, that all reasonable persons would conclude that the Plaintiff cannot prove notice.

" '[T]o establish a claim of premises liability, the plaintiff must be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue.' " *Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1, 890 N.W.2d 344, 349 (2016) (per curiam) (quoting *Lowrey v. LMPS & LMPJ, Inc.*, 313 Mich. App. 500, 885 N.W.2d 638, 645 (2015)). That is, Taylor must "demonstrate that [PetSmart] knew about the alleged water on the [floor] or should have known of it because of its character or the duration of its presence." *Id.* at 350. (citing *Serinto v. Borman Food Stores*, 380 Mich. 637, 158 N.W.2d 485, 486–87 (1968)). Plaintiff bears the burden of demonstrating a question of fact regarding notice; conversely, a defendant need not "go beyond showing the insufficiency of plaintiff's evidence." *Id.* at 349. Indeed, a court can award the moving party summary judgment because "of the nonmoving party's failure to produce evidence sufficient to demonstrate an essential element of its claim." *Id.* (citing *Bernardoni v. Saginaw*, 499 Mich. 470, 886 N.W.2d 109 (2016)).

The Defendant asserts that the Michigan Supreme Court decision in *Lowrey* forecloses Plaintiff's claim. *Lowrey* is inapposite, however.

In *Lowrey*, the plaintiff fell down allegedly wet stairs at the defendant's restaurant. *Id.* at 347. The court granted the defendant summary disposition on the plaintiff's premises liability claim, holding that there was no genuine dispute regarding notice, whether actual or constructive. *Id.* at 346–47.

Here, the Court holds that there is a genuine dispute about whether the Defendant had constructive notice of the condition, i.e. that the hazard had been present for a time sufficient to suggest that the defendant should have known of its existence. In *Lowrey*, the plaintiff had navigated the stairs several times on the night she fell, evidence which led the court to determine "that the hazardous condition that caused plaintiff's fall had not been present on the steps for the entirety of the evening." *Id.* at 350–51. Taylor, on the other hand, had not gone through the aisle prior to falling down. This case is also different from *Lowrey* in that a PetSmart employee, Karla Eakin, identified water on the floor when she cleaned up the aisle following Plaintiff's fall. *See* Dkt. No. 17, p. 17–18 (Pg. ID 214–15). Indeed, Eakin described the hazard as "a strip of water" which—viewed in the light most favorable to the Plaintiff—suggests that it had been on the ground long enough that PetSmart should have known of its presence.

Accordingly, the Court finds that whether PetSmart had notice of the alleged hazard is a question for trial.

## 2. Causation

Plaintiff argues that water on the PetSmart store floor caused her fall. She claims this argument has merit because after she fell her clothes were wet and PetSmart immediately cleaned up water from the floor. *Id.* at p. 13 (Pg. ID 210). The Court concludes that this evidence provides sufficient grounds for a reasonable juror to conclude that water on the PetSmart store floor caused Plaintiff's injuries.

A premises liability claim requires proof of both cause in fact and proximate cause. *See Skinner v. Square D Co.*, 445 Mich. 153, 516 N.W.2d 475, 479 (1994). To show cause in fact, a plaintiff must demonstrate "that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Id.* (citing Prosser & Keeton, Torts (5th ed.), § 41, p. 266)). Conversely, proximate cause "involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id.* (citing *Moning v. Alfono*, 400 Mich. 425, 254 N.W.2d 759, 765 (1977); *Charles Reinhart Co. v. Winiemko*, 444 Mich. 579, 513 N.W.2d 773, 775 n.13 (1994)). "Although causation is sometimes a jury question, [a] district court may decide causation as a matter of law if the plaintiff presents insufficient evidence to 'support a reasonable inference' of causation." *Demo v. Red Roof Inns, Inc.*, 274 F. App'x 477, 478 (6th Cir. 2008) (citations

omitted). Speculation alone is insufficient to raise a genuine dispute of material fact regarding causation and a defendant's negligence. *Drews v. Am. Airlines, Inc.*, 68 F. Supp. 3d 734, 742 (E.D. Mich. 2014) (noting that " '[t]he mere occurrence of plaintiff's fall is not enough to raise an inference of negligence on the part of the defendant.' " (quoting *Stefan v. White*, 76 Mich. App. 654, 257 N.W.2d 206, 210 (1977))).

The Defendant contends that Taylor cannot prove causation as a matter of law because the logic of *Kassab v. Target Corp.*, No. 16-12788, 2017 WL 2880086 (E.D. Mich. July 6, 2017), controls the outcome in this case. Plaintiff responds that *Kassab* is not instructive because it is persuasive authority, her clothes were wet after she fell, and PetSmart cleaned up water on the floor immediately after she fell. Dkt. No. 17, p. 13 (Pg. ID 210).

The Court agrees with the Plaintiff that *Kassab* does not control this case, and that it is indeed distinguishable. In *Kassab*, the plaintiff fell in an aisle of a Target store. 2017 WL 2880086, at *1. The plaintiff and others with him during the accident suggested that he slipped because the floor was wet after just having been waxed. *Id.* at *5. The court found that the plaintiff could not show causation as a matter of law, however, as the "[p]laintiff testified that he felt his foot slip as he fell, but he admitted that he had 'no idea' what his foot might have slipped on or what

caused him to fall." *Id.* at \*3.  The court reasoned that these allegations were too general to necessitate a finding by a jury.  *Id.* at \*5.

The Plaintiff's allegations here, however, are not too general.  Although Taylor, like the plaintiff in *Kassab*, testified that she is unaware of why she slipped, evidence in the record suggests that a hazard caused her fall.  Specifically, the report of the incident from PetSmart employee Karla Eakin.  *See* Dkt. No. 17, p. 17–18 (Pg. ID 214–15).  Eakin's statement that immediately after the incident she cleaned up "a strip of water on the floor" makes this case different from *Kassab*.  Dkt. No. 17, p. 17–18 (Pg. ID 214–15).  It provides an explanation of why Taylor slipped and fell. In addition, Taylor's clothes were wet after she fell, which signals that she slipped on water.  Dkt. No. 13, p. 45 (Pg. ID 136).  The plaintiff in *Kassab* also fell, but unlike Taylor, his clothes were not wet.  *Kassab*, 2017 WL 2880086, at \*1.  This difference also distinguishes *Kassab* from this case, and indicates that water on the PetSmart store floor caused Taylor's fall.

Because a jury could reasonably find that Taylor has demonstrated causation, the Defendant is not entitled to summary judgment on Plaintiff's premises liability claim.

B.    Ordinary Negligence

Plaintiff asserts that the Defendant's failure to inspect aisleways in the store raises a question of fact about whether PetSmart was negligent.  Dkt. No. 17, p. 14

(Pg. ID 211). PetSmart, on the other hand, contends that Plaintiff's negligence claim fails because it is miscast as a premises liability claim. Dkt. No. 13, p. 29 (Pg. ID 120). According to PetSmart, because the alleged condition arose from the land, and not from an overt act, Plaintiff's negligence claim is purely a premises liability claim. *Id.* at p. 30 (Pg. ID 121). As the Plaintiff here conceded during the motion hearing, this claim fails.

"Courts are not bound by the labels that parties attach to their claims." *Buhalis v. Trinity Continuing Care Servs.*, 296 Mich. App. 685, 822 N.W.2d 254, 258 (2012) (citing *Manning v. Amerman*, 229 Mich. App. 608, 582 N.W.2d 539, 541 (1998)). Instead, " 'the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim.' " *Id.* (quoting *Adams v. Adams*, 276 Mich. App. 704, 742 N.W.2d 399, 403 (2007)). "Ordinary negligence claims are grounded on the underlying premise that a person has a duty to conform his or her conduct to an applicable standard of care when undertaking an activity." *Lymon v. Freedland*, 314 Mich. App. 746, 887 N.W.2d 456, 462 (2016) (citing *Laier v. Kitchen*, 266 Mich. App. 482, 702 N.W.2d 199, 208 (2005)). Premises liability claims are not grounded in the same underlying premise; there, " 'liability emanates merely from the defendant's duty as an owner, possessor, or occupier of land.' " *Id.* (quoting *Laier*, 702 N.W.2d at 208). Put another way, " '[w]hen an injury develops from a condition

of the land, rather than emanating from an activity or conduct that created the condition on the property, the action sounds in premises liability.' " *Id.* (quoting *Woodman v. Kera, LLC*, 280 Mich. App. 125, 760 N.W.2d 641, 657 (2008)).

Plaintiff's negligence claim lacks merit because it is a thinly veiled premises liability claim. Taylor does not allege that PetSmart engaged in some activity and caused her harm in the process. For instance, in *Cote v. Lowe's Home Ctr., Inc.*, 896 F. Supp. 2d 637, 638, 649 (E.D. Mich. 2012), a plaintiff's negligence claim survived summary judgment. There, the claim stemmed from injuries suffered where an employee of the defendant was allegedly organizing boxes on a high shelf, and a box fell on the plaintiff's head as he was moving through an aisle. *Id.* The court reasoned that the harm alleged had occurred not " 'by a condition of the land,' but by an employee's activities—specifically, his lack of care in handling the boxes." *Id.*

To the contrary, here Taylor contends that she suffered harm as PetSmart failed to reasonably maintain its store. And, this allegation describes a claim for premises liability. *See, e.g., Hakim v. Detroit Entm't, LLC*, No. 329006, 2017 WL 378123, at *2 (Mich. Ct. App. Jan. 26, 2017) (concluding that as the plaintiff alleged that conditions on a sidewalk caused him harm, "it is clear that [plaintiff's] claim sounds in premises liability").

Accordingly, Taylor's ordinary negligence claim will not survive the Defendant's summary judgment motion.

## V. Conclusion

In light of the foregoing analysis, the Court will GRANT IN PART and DENY IN PART the Defendant's Motion for Summary Judgment [13]. The Defendant is entitled to summary judgment on Plaintiff's claim for ordinary negligence (Count I). Plaintiff's claim for premises liability (Count II) will survive the motion, however.

The Court will order the parties to attend facilitation prior to **Monday, April 23, 2018**. *See* Dkt. No. 6. The parties may use the same facilitator as in their November 2017 facilitation, and must submit a proposed stipulated order to the Court by **Thursday, March 1, 2018** identifying the facilitator and the date set for facilitation.

IT IS SO ORDERED.

Dated: January 12, 2018

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 12, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk